## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TERESA STEPHENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-860-GPM** |
| | ) | |
| **BURNS & WILCOX, LTD., and PREMIUM** | ) | |
| **FINANCING SPECIALISTS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on the motion for remand of this case to state court brought

by the Surinder Kumar Trust ("the Trust") (Doc. 7), in which motion Carrolle M. Kibby, individually

and as the special administrator of the estate of Douglas Kibby, has joined (Doc. 8).[1]  According to

the allegations of the operative complaint in this case (Doc. 4-3), Teresa Stephens formerly was the

operator of a rooming house in Wood River, Illinois.  On February 4, 2004, Stephens obtained a

policy of insurance providing commercial liability coverage, including coverages for bodily injuries,

---

1.  The procedural history of this case, as will be discussed in more detail presently, is rather
convoluted and unclear on the record before the Court, and therefore in the caption of this Order the
Court has identified only the plaintiffs and defendants in this case as they appear on
the Court's electronic docket for the case.  As will become apparent from the Court's recitation of
the history of the case, in fact this case involves a number of additional parties, as well as
counterclaims and third-party claims.  However, the positions of these additional parties in the case
do not appear to be reflected accurately in the Court's docket and, in any event, it is unnecessary to
list all of the claims asserted in this case in the caption of this Order.  The Court will elucidate all
of the parties to this case and their respective positions in the case as it comes before the Court at this
time in the account of the history of the case set forth infra.

property damage, and third-party liabilities, on her rooming house property from USF Insurance Company ("USF") through D.R. Sparks Insurance Services, Inc. (Sparks"). On February 3, 2004, prior to issuance of the policy by USF, Stephens entered into an agreement with Premium Financing Specialists, Inc. ("PFS"), through Sparks whereby PFS agreed to finance Stephens's premium payments to USF under the policy. On August 2, 2004, PFS, utilizing a power of attorney from Stephens that PFS obtained through Sparks and that Stephens claims was ineffective, cancelled the policy for failure to pay a premium effective August 5, 2004. However, PFS received a premium payment from Stephens, whereupon PFS notified Stephens, USF, Sparks, and Burns & Wilcox, Ltd. ("Burns"), that Stephens's account was current and requested reinstatement of the policy. On August 17, 2004, Stephens's rooming house was destroyed by fire. Carrolle Kibby's decedent Douglas Kibby, a resident of the rooming house, was killed in the fire. Also, the fire spread to adjacent commercial property owned by the Trust. On August 18, 2004, Burns notified PFS and Sparks that Stephens's insurance policy with USF was cancelled. Subsequently USF refused to defend or indemnify Stephens in a suit that was brought against her by the estate of Douglas Kibby. On March 6, 2009, the estate of Douglas Kibby obtained a judgment of $500,000 against Stephens, whereupon Stephens assigned her claims against USF and other parties to this case to the estate of Douglas Kibby and the Trust.

This case was filed by Stephens in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, in 2004. The operative complaint in the case, which identifies Carrolle Kibby as the plaintiff in the case, contains four counts. Count I alleges that USF vexatiously refused to pay Stephens's claim on her policy arising from the fire at her rooming house in 2004, in violation of 215 ILCS 5/155. Count II alleges that Burns, as USF's agent, breached Stephens's

insurance contract with USF or tortiously interfered with the contract by cancelling the policy and failing to reinstate the policy.  Count III alleges that Sparks breached its contract with Stephens by allowing PFS to cancel Stephens's insurance policy with USF without proper authority from Stephens.  Count IV alleges that PFS breached its contract with Stephens by cancelling Stephens's insurance policy without proper authority.[2]  It appears from the record that Burns first was joined as a party to this case on July 31, 2009, and removed the case to this Court within thirty days of service of the operative complaint in the case naming Burns as a party defendant.  The complete record of the proceedings in the state court before removal is not before the Court, but it appears from the materials that are before the Court that at some point in the state-court proceedings before removal USF brought a counterclaim against Stephens, Carrolle Kibby, and the Trust.  It appears also that at some point in the state-court proceedings before removal USF brought a third-party claim against PFS and that PFS brought a third-party claim against Sparks.  Burns, as the removing defendant, alleges the existence of federal subject matter jurisdiction in this case on the basis of diversity of citizenship.  The Trust and Carrolle Kibby in turn request remand of the case to state court based on procedural defects in the removal of the case and lack of subject matter jurisdiction.  Having reviewed carefully the instant motions for remand and the record of the case, the Court concludes for the following reasons that this case is due to be remanded to state court.

---

2.     The Court's concern here, it perhaps is worth noting, is with offering a short summary of the claims alleged in the operative complaint in this case, not with the correctness of the legal theories alleged in the complaint.  For example, the complaint alleges that PFS owed a fiduciary duty to Stephens, a claim the Court finds improbable; in fact, if any of the parties named as defendants in the complaint owed Stephens a fiduciary duty, it likely was Sparks, not PFS.  *See, e.g., Duignan v. Lincoln Towers Ins. Agency, Inc.*, 667 N.E.2d 608, 612-13 (Ill. App. Ct. 1996).  The precise nature of the claims in the complaint and their legal merit are not matters relevant to the issues presented by the requests for remand of this case to state court that currently are before the Court.

## II. ANALYSIS

As an initial matter the Court notes the standard under which the instant motions for remand must be evaluated.  Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  *See also Gowdy v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-850-GPM, 2009 WL 3584254, at *1 (S.D. Ill. Oct. 27, 2009).  In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006).  The party seeking removal has the burden of establishing federal jurisdiction and "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 589 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).  Said differently, "there is a strong presumption in favor of remand." *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009) (citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)).  Finally, because a federal court cannot exercise jurisdiction on removal merely by the consent of the parties to a case, any party to a case may seek remand to state court where the requirements for removal are not met.  *See Coditron Corp. v. AFA Protective Sys., Inc.*, 392 F. Supp. 158, 160 (S.D.N.Y. 1975) (citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)) (remanding a case to state court on the motion of the removing defendant).

As already has been noted, the basis for federal subject matter jurisdiction asserted by Burns in this case is federal diversity jurisdiction, which requires, of course, that there be complete diversity of citizenship among the parties, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *2 (S.D. Ill. Sept. 17, 2009); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006).  In this case, it appears from the record that an amount in excess of $75,000, exclusive of interest and costs, is in controversy, given that the operative complaint in this case seeks damages against each of the named defendants (USF, Burns, Sparks, and PFS) in the amount of at least $500,000, the value of the judgment that Carrolle Kibby obtained against Stephens.   Also, it appears that there is complete diversity of citizenship among the parties named in the operative complaint in the case. Stephens is alleged to be a citizen of Texas.  *See Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009).  The citizenship for diversity purposes of the corporate parties named in the complaint is determined, of course, by the state where each corporation is incorporated and the state where each corporation maintains its principal place of business, that is, its headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Starno v. Bayer Corp.*, Civil No. 09-821-GPM, 2009 WL 3257124, at *1 (S.D. Ill. Oct. 7, 2009); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).  The citizenship of the corporate parties named in the complaint in this case appears to be as follows:  USF apparently is a citizen of Michigan (Burns's notice of removal fails properly to allege the state where USF is

incorporated); Burns is a Missouri citizen; Sparks is an Illinois citizen; and PFS is a Kentucky

citizen.[3] The counterclaim asserted by USF against Stephens, Carrolle Kibby, and the Trust appears

from the record to be a compulsory counterclaim, and therefore the Court need not concern itself

with the citizenship of the parties to the counterclaim, as the counterclaim is within the

Court's supplemental jurisdiction. *See* Fed. R. Civ. P. 13(a); 28 U.S.C. § 1367; *B & R Oil Co. v.*

*Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *2 n.2 (S.D. Ill.

June 29, 2009). Similarly, the citizenship of the parties to the third-party claims in this case is

irrelevant to the existence of diversity jurisdiction in the case. *See* Fed. R. Civ. P. 14(a); *Fields v.*

*Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 n.1 (S.D. Ill.

June 30, 2006). In the motions for remand before the Court, the Trust and Carrolle Kibby seek the

return of this case to state court on four grounds: the removal of the case violates the so-called

"forum defendant" rule; the removal was not effected within thirty days of the date of service of the

original complaint in the case; the removal was effected more than one year after the commencement

of the case; and a realignment of the parties to the case to reflect their true interests in the case results

in an alignment of the parties that defeats complete diversity of citizenship. The Court will address

each of these contentions in turn.

---

3.     The Court notes, in addition to Burns's failure to allege properly the citizenship of USF for
diversity purposes, that the citizenship of a number of parties to this case,
specifically, Stephens, USF, Sparks, and PFS, is alleged in Burns's notice of removal "[u]pon
information and belief." Doc. 4 ¶ 3*,* ¶ 4*,* ¶ 6, ¶ 7. As a general rule, in cases in which, as here,
complete diversity of citizenship is required, the Court cannot accept allegations regarding
the citizenship of parties for diversity purposes that are not made on personal knowledge,
rather than on information and belief. *See Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931
(S.D. Ill. 2006). However, because the Court concludes that this case is due to be remanded to state
court for the reasons set forth infra, the Court will not order Burns to file an amended notice of
removal.

The Court turns first to the issue of whether the removal of this case violates the forum defendant rule. Under 28 U.S.C. § 1441 an action in which federal subject matter jurisdiction is asserted on a basis other than 28 U.S.C. § 1331 is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In view of the language of Section 1441(b), an action may not be removed in diversity jurisdiction if a defendant that has been properly joined and served at the time of the removal of a case is a citizen of the state in which the case has been brought. *See LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 315 (7th Cir. 1994); *Sheffer v. Cottrell, Inc.*, No. 08-0791-DRH, 2009 WL 1231037, at \*3 (S.D. Ill. Apr. 30, 2009); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at \*6 n.6 (S.D. Ill. May 18, 2006); *Maple Leaf Bakery v. Raychem Corp.*, No. 99 C 6948, 1999 WL 1101326, at \*1 (N.D. Ill. Nov. 29, 1999). Because the forum defendant rule applies only to defendants that have been properly joined and served at the time of removal within the meaning of Section 1441(b), the rule does not apply where a forum defendant has been fraudulently joined to defeat diversity jurisdiction, that is, there has been fraud in a plaintiff's pleading of jurisdictional facts with respect to a forum defendant or there is no possibility that a plaintiff can establish a cause of action in state court against a forum defendant. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009); *Moore v. Johnson & Johnson*, Civil No. 09-854-GPM, 2009 WL 3349859, at \*2 (S.D. Ill. Oct. 19, 2009); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 931-32 (S.D. Ill. 2006). Where a case is removed in violation of the forum defendant rule, the removal is procedurally defective. *See Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378-80 (7th Cir. 2000); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1058 (S.D. Ill. 2006). In this instance it is clear from the record that this case has

been removed solely on the basis of federal diversity jurisdiction and presents no question of federal law.[4]  It also is clear that for diversity purposes Sparks is a citizen of Illinois, where this action was brought, and was joined and served at the time Burns removed this case.  There is no allegation in the notice of removal or evidence in the record of the case that Sparks has been fraudulently joined to defeat diversity jurisdiction.  Finally, the Trust and Carrolle Kibby properly have objected to the removal of this action in violation of the forum defendant rule within thirty days after the removal of the action.  *See In re Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994); *Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at \**3-4 (S.D. Ill. May 19, 2009).  Accordingly, this case must be remanded to state court.  *See Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007) ("[W]here a plaintiff raises an objection to a procedural defect in removal within thirty days of the date of removal, a case must be remanded to state court.").

The Court turns next to the question of whether the removal of this case is procedurally defective by reason of the failure of USF, the sole defendant named in the original complaint in this case, to effect removal within thirty days of receipt of the original complaint in this case.  It appears that at the time this case originally was filed in state court in 2004, there was federal subject matter jurisdiction in diversity, as Stephens was at that time an Illinois citizen and USF was, as already has been discussed, a Michigan citizen, and Stephen's original complaint in this case sought damages in excess of $75,000, exclusive of interest and costs.  Under 28 U.S.C. § 1446, of course, in a case

_____

4.    The Court notes that even if Burns wished to amend its notice of removal to assert a basis for federal subject matter jurisdiction other than diversity, it cannot do so because the time for removal of this case has expired.  *See Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 844 n.2 (S.D. Ill. 2006).  In any event, this case discloses no basis for federal subject matter jurisdiction apart from diversity.

filed in state court in which the existence of federal subject matter jurisdiction is apparent on the face

of the complaint, "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for

relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b).  Where a defendant

removes a case more than thirty days after service of a complaint showing the existence of federal

subject matter jurisdiction, the removal is procedurally defective.  *See Locklear Elec. v.*

*My Overhead Corp.*, Civil No. 07-788-GPM, 2007 WL 4225732, at \*\*2-3 (S.D. Ill. Nov. 26, 2007).

The issue of USF's failure to remove this case upon service of Stephens's original complaint does

not go to the timeliness of Burns's removal of the case; in fact it concerns the so-called "rule of

unanimity" and "first-served defendant" rule governing removal to federal court.[5]

Under the federal common-law unanimity rule, all defendants in a case that have

been properly joined and served when the case is removed to federal court must join in or consent to

the removal.  *See Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272

(7th Cir. 1982); *Dennison v. Shell Oil Co.*, Civil No. 07-802-GPM, 2007 WL 4390346, at \*1

(S.D. Ill. Dec. 14, 2007).  As a corollary of the unanimity rule, the first-served defendant rule

provides that, where an earlier-served defendant fails to effect timely removal of a

properly removable case, that defendant waives its right of removal of the case and can no longer

give valid consent to a removal of the case by a later-served defendant.  *See Springman v.*

---

5.    The Court construes the procedural objection to removal raised by the Trust and Carrolle Kibby
somewhat differently than they do, but this does not preclude the Court from remanding this case
on the basis of a procedural defect in removal different from that which they assert.  Where an
objection to removal on procedural grounds properly has been raised, the Court may remand a case
on the basis of any procedural defect in removal that appears from the record.  *See O'Neill v. Pointer*,
Civil No. 09-704-GPM, 2009 WL 3575267, at \*2 n.1 (S.D. Ill. Oct. 26, 2009) (citing *Velchez v.*
*Carnival Corp.*, 331 F.3d 1207, 1209-10 (11th Cir. 2003)).

*AIG Mktg., Inc.*, No. 07-737-GPM, 2007 WL 3406927, at *4 (S.D. Ill. Nov. 14, 2007). Certain decisions of the United States Court of Appeals for the Seventh Circuit appear impliedly to have adopted the so-called "last-served defendant" rule, which provides that in cases involving multiple defendants served at different times, each later-served defendant has thirty days from the date of service to remove a case to federal court, with the consent of the remaining defendants. *See Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 455 (7th Cir. 2005); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 530 (7th Cir. 2004). However, the Court is mindful of the principle that judicial decisions are authority only for the issues that they actually decide, not issues decided by implication, a rule that applies with particular force when an issue supposedly decided by implication concerns the exercise of jurisdiction by federal courts. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119 (1984); *United States v. Daniels*, 902 F.2d 1238, 1241 (7th Cir. 1990); *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 625 (7th Cir. 1986). At this juncture, where, as noted, the Court must decide all doubts about removal in favor of remand, the Court concludes that, under the first-served defendant rule, the failure of USF to effect timely removal of this case, which, as discussed, was removable in diversity jurisdiction when the case originally was filed in 2004, precludes USF from giving consent to the removal of this case by Burns. Because USF, a defendant that was properly joined and served when this case was removed, cannot consent to the removal of the case, the removal is procedurally defective, *see Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209- GPM, 2009 WL 2365596, at *2 (S.D. Ill. May 27, 2009), and the case must be remanded to state court.[6]

---

6.   The Court notes that USF, Sparks, and PFS in fact have filed consents to the removal of this case by Burns. However, for the reasons discussed above, the Court gives no effect to USF's consent to the removal of this case.

The Court turns next to the question of whether the removal of this case violates the one-year

time limit for removal of cases in diversity jurisdiction set out in 28 U.S.C. § 1446.  Section 1446

provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be
> filed within thirty days after receipt by the defendant, through service or otherwise,
> of a copy of an amended pleading, motion, order or other paper from which it may
> first be ascertained that the case is one which is or has become removable, *except that
> a case may not be removed on the basis of jurisdiction conferred by section 1332 of
> this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added).  When an action is "commenced" for purposes of the

removal statutes is determined, of course, by the law of the state where a removed action originally

was filed.  *See Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750-51 (7th Cir. 2005)

(citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)); *Riehl v. National Mut. Ins. Co.*, 374 F.2d

739, 741-42 (7th Cir. 1967); *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention

Group, Inc.*, 461 F. Supp. 2d 768, 775 (S.D. Ill. 2006).  Under the law of Illinois, where this action

initially was filed, "[e]very action, unless otherwise expressly provided by statute, shall be

commenced by the filing of a complaint."  735 ILCS 5/2-201(a).  *See also Del Raine v. Carlson*, 826

F.2d 698, 707 (7th Cir. 1987) (citing *Lawrence v. Williamson Ford, Inc.*, 300 N.E.2d 636, 640

(Ill. App. Ct. 1973)) (under Illinois law, "suit is commenced by filing the complaint[.]").

Accordingly, this action was commenced for purposes of Section 1446(b) in 2004, when, as noted,

it was filed originally in the Madison County circuit court.  Thus, the question before the Court is

whether the one-year limitation on removal of cases in diversity jurisdiction applies to this case

either as a case removable at its inception or as a case removable on the basis of an amended

pleading or other paper disclosing the existence of diversity jurisdiction.  Several Circuits have held

that the one-year limitation on removal of cases in diversity jurisdiction applies only to cases not removable at their inception. *See Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 872-73 (8th Cir. 2002); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534-35 (6th Cir. 1999); *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 885-87 (5th Cir. 1998); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316-18 (9th Cir. 1998).  The Seventh Circuit Court of Appeals has not passed on this issue.  The Court gives respectful attention, of course, to the opinions of federal courts of appeals in sister Circuits. *See Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006).  However, the Court has held in the past that the one-year limitation on removal of cases in diversity jurisdiction applies to all cases removed in diversity, regardless of whether they are removable at their inception or removable on the basis of an amended pleading or other paper disclosing the existence of subject matter jurisdiction, a position that the Court believes is consistent with the language and purpose of Section 1446(b).  *See Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at **3-5 (S.D. Ill. Sept. 21, 2007).  In any event, it is unnecessary for the Court to resolve here the question of the whether one-year limitation on removal of cases in diversity jurisdiction applies only to cases not removable at their inception or to all cases removed in diversity.  As already has been discussed, Stephens's original suit against USF in 2004 was removable in diversity.  Likewise, as also has been discussed, the complaint filed in state court on July 31, 2009, in this case shows the existence of diversity jurisdiction.  Thus, under either of the pertinent constructions of Section 1446(b), the removal of this action on October 9, 2009, occurred outside the one-year limit for removal.  This procedural defect in the removal of this case warrants remand of the case to state court. *See Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225654, at *3 (S.D. Ill. Nov. 13, 2007).

As a final matter, the Court addresses the issue of whether a realignment of the parties to this case to reflect their true interests in the case results in an alignment of the parties that defeats complete diversity of citizenship. In evaluating the existence of complete diversity of citizenship in a case, a court can, in some instances, realign the parties to the case according to their true interests, with the test of realignment in this Circuit being whether an "actual, substantial controversy exists between parties on one side of the dispute and their named opponents[.]" *Sabo v. Dennis Techs., LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at *6 n.7 (S.D. Ill. July 2, 2007) (quoting *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981)). *See also City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69-70 (1941); *Maryland Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617, 621-24 (2d Cir. 1993); *Zurn Indus., Inc. v. Acton Constr. Co.*, 847 F.2d 234, 236-37 (5th Cir. 1988). As already has been discussed, Stephens has assigned all of her rights against USF, Burns, Sparks, and PFS to the Trust and to Carrolle Kibby, and thus there is an actual, substantial controversy between the Trust and Carrolle Kibby, on the one hand, and USF, Burns, Sparks, and PFS, on the other hand. Accordingly, Carrolle Kibby, although currently named in this case only as a defendant to a counterclaim by USF, is functionally a plaintiff in this case. Where a claim has been properly assigned, the citizenship of the assignee is controlling for diversity purposes. *See Hartford Accident & Indem. Co. v. Sullivan*, 846 F.2d 377, 382 (7th Cir. 1988); *Jackson Nat'l Life Ins. Co. v. Greycliff Partners, Ltd.*, 960 F. Supp. 186, 188 (E.D. Wis. 1997).[7] Because Carrolle Kibby effectively is a plaintiff in this case, the Court must

---

7. Where an assignment is made for the purposes of manufacturing federal diversity jurisdiction, of course, the citizenship of the assignee is not controlling. *See* 28 U.S.C. § 1359; *Spartech Corp. v. Opper*, 890 F.2d 949, 954 (7th Cir. 1989). The assignment in this instance, however, does not create federal jurisdiction and instead, as is discussed above, it defeats it.

consider her citizenship for purposes of federal diversity jurisdiction. Here the evidence of record is that Carrolle Kibby's decedent Douglas Kibby was a citizen of Illinois at the time of his death, and therefore Carrolle Kibby, because she is Douglas Kibby's legal representative, is a citizen of Illinois for diversity purposes. *See* 28 U.S.C. § 1332(c)(2); *Bankcroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *2 n.1 (S.D. Ill. Sept. 29, 2009); *Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *1 (S.D. Ill. Aug. 24, 2009); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4226068, at *1 (S.D. Ill. Nov. 13, 2007); *Clevenger v. Eastman Chem. Co.*, No. 07-cv-148-DRH, 2007 WL 2458474, at **4-5 (S.D. Ill. Aug. 24, 2007).[8] As already has been discussed, Sparks, which is named in the operative complaint in this case as a defendant, is an Illinois citizen for purposes of diversity jurisdiction. Because Carrolle Kibby, as a proper plaintiff in this case, and Sparks, as a defendant, are both Illinois citizens, complete diversity of citizenship does not exist in this case. Therefore, in light of the correct alignment of the parties, the case must be remanded to state court for lack of subject matter jurisdiction. *See LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1050 (S.D. Ill. 2006) (quoting *United States v. Tittjung*, 235 F.3d 330, 339 (7th Cir. 2000)) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (internal citation omitted).

---

8.   The citizenship of the Trust for diversity purposes is not established by the record. Ordinarily, the citizenship of a trust is that of its trustee or trustees, unless the law under which the trust is organized permits the trust to sue and be sued in its own name, in which case the citizenship of the trust for diversity purposes is that of its beneficiary or beneficiaries. *See Bean v. Bayer Corp.*, Civil No. 09-747-GPM, 2009 WL 3065090, at *2 (S.D. Ill. Sept. 23, 2009). The fact that the citizenship of the Trust is not established by the record of this case, in which the Trust is, like Carrolle Kibby, a proper plaintiff, is an additional reason for remanding this case to state court.

### III. CONCLUSION

The motions for remand of this case to state court brought by the Trust (Doc. 7) and by

Carrolle Kibby (Doc. 8) are **GRANTED.**   Pursuant to 28 U.S.C. § 1447(c), this case

is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois,

by reason of procedural defects in the removal of the case and lack of federal subject

matter jurisdiction.

 **IT IS SO ORDERED.**

 DATED:  November 7, 2009

       /s/ G. Patrick Murphy
       G. PATRICK MURPHY
       United States District Judge